*In re* CORCORAN.

*(Circuit Court, N. D. California. August 19, 1889.)*

PENITENTIARY—COMMUTATION OF SENTENCE.

 Act Cong. March. 3, 1875, (Rev. St. U. S. Supp. 184,) which provides for commutation for good behavior for persons convicted under United States laws and confined in "any prison or penitentiary" of a state which has no system of commutation, does not apply to persons confined in county jails or other places of temporary confinement.

At Law.

Application of Richard Corcoran for writ of *habeas corpus.* The act of March 3, 1875, referred to in the opinion, provides that "all prisoners convicted of any offense against the laws of the United States, and confined in execution of the sentence upon such conviction in any prison or penitentiary of any state or territory which has no system of commutation for its own prisoners," shall have certain deductions from their sentences for good behavior.

Before SAWYER, Circuit Judge, and SABIN, District Judge.

SAWYER, J. We are of opinion that the words "any prison or penitentiary" in the act of March 3, 1875, (1 Supp. Rev. St. 184,) means state-prison or penitentiary, and does not include county jails, or places employed for temporary confinement, or confinement for short periods for petty offenses. In some states the place of confinement, in punishment of the higher grade of offenses, is called a "state-prison," and in others a "penitentiary," and congress recognized this fact in providing for credits in this act. The act supersedes the the similar provision in sections 5543 and 5544, Rev. St., in which the words "jail or penitentiary" are used. This change in the language is significant, and indicates an intention to limit credits to those state-prisons and penitentiaries properly so called. This view renders it unnecessary for us to express our opinion upon the constitutionality of the state act allowing credits, a question which more properly belongs to the state supreme court to decide. Let the writ be denied.